## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES A. BAKER,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 1:CV-05-2643** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **UNITED DEFENSE INDUSTRIES, INC.** | : | |
| **d/b/a BAE SYSTEMS LAND &** | : | |
| **ARMAMENTS, INC.** | : | |
| **Defendant.** | : | |
| | : | |

### ORDER TO SUPPLEMENT

Before the Court is Defendant United Defense Industries' (UDI) Motion to Dismiss, or in the alternative, Motion for Summary Judgment as to the Claims Asserted in Plaintiff's First Amended Complaint.  (Doc. No. 24.)  Defendant filed this motion on March 16, 2006, arguing, inter alia, that the Court lacks subject matter jurisdiction over Plaintiff's age discrimination claim under both the Pennsylvania Human Relations Act (PHRA) and the Age Discrimination and Employment Act (ADEA) because Plaintiff failed to exhaust or commence proceedings with the Pennsylvania Human Relations Commission (PHRC).[1]  29 U.S.C. § 633 ("[N]o suit may be

---

[1] Defendant filed its challenge to the Court's jurisdiction under Rule 12(b)(1), and it questions the existence of subject matter jurisdiction in fact, rather than whether subject matter jurisdiction was adequately pleaded in the complaint.  See Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  A factual attack on subject matter jurisdiction allows the Court to "weigh the evidence and satisfy itself as to the existence of its power to hear the case."  Id. at 891.  In making this determination, the Court can consider and weigh evidence outside of the pleadings, Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000) (citing Mortensen, 549 F.2d at 891), and need not view the evidence in a light favorable to either party.  Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 77 (3d Cir. 2003) (citing Mortensen, 549 F.2d at 891).  However, Plaintiff always bears the burden of convincing the Court, by a preponderance of the evidence, that the Court has jurisdiction.  Gould Elecs., 220 F.3d at 178 (citing Mortensen, 549 F.2d at 891); see also McNutt v. Gen'l Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

brought under section 626 of this section [of the ADEA] before the expiration of sixty days after

proceedings have been commenced under the State law, unless such proceedings have been

earlier terminated"); 43 P.S. § 962(c)(1) (Only after receiving notice of a PHRC conciliation

agreement or the PHRC's dismissal of the complaint, "the complainant shall be able to bring an

action in the courts . . . based on the right to freedom from discrimination granted by [the

PHRA]").  In support of its motion to dismiss, Defendant appends an EEOC form signed by the

Plaintiff in which he indicated that he did not want his charge dual-filed by the PHRC.  (Doc.

No. 24, Attachment A.)  This document relates to EEOC claim number 170-2005-01618.  Id.

        Plaintiff filed his brief in opposition to Defendant's motion on May 15, 2006.  (Doc. No.

31.)  Therein, Plaintiff asserts that "the PHRC assumed jurisdiction over [the claim] concurrently

with the Equal Employment Opportunity Commission, opened a case file, assigned it a PHRC

number (No. 200503166) and recently closed its case file.  Plaintiff has attached evidence of this

fact as Exhibit 'A' hereto."  (Doc. No. 31, at 7 & Exhibit A.)  The Court has reviewed the

attached letter and does not find it responsive Defendant's argument that Plaintiff's age

discrimination claim was not filed with the PHRC; rather, Plaintiff's exhibit addresses a claim

filed at EEOC number 170-2005-02470, (Doc. No. 31, Exhibit A), which appears to be

Plaintiff's retaliation claim (Doc. No. 24, Attachment B).  Thus, despite his belief that he has

done so, Plaintiff has offered no evidence that he filed his age discrimination claim with the

PHRC, that the claim was otherwise transmitted to the PHRC (for instance, through a work-share

agreement between the PHRC and the EEOC, or as a result of the EEOC's own operating

procedure), or that state administrative remedies were exhausted with respect to the claim.

Plaintiff is directed to supplement his brief in opposition to Defendant's motion and proffer evidence that, at some point in time, the PHRC received his age discrimination complaint. For Plaintiff's PHRA claim to survive, he must show that his claim was timely filed with the PHRC and that state administrative remedies were exhausted. Vincent v. Fuller Co., 616 A.2d 969, 974 (Pa. 1992) (plaintiff must timely file and pursue the administrative process set forth in PHRA before initiating a judicial action under the act). For his ADEA claim to survive, Plaintiff must show that proceedings were commenced – whether timely or not – with the PHRC. Oscar Mayer & Co. v. Evans, 441 U.S. 750, 753, 764-65 (holding that complaint need not be timely filed with the appropriate state agency to satisfy the ADEA's pre-litigation requirement that state proceedings be commenced and instructing the district court to hold the claim in abeyance for the plaintiff to file). Plaintiff is also invited to further develop his argument regarding why his PHRA and ADEA claims should not be dismissed. See, e.g., Smith v. Gen'l Canning, Inc., 832 F.2d 96, 100 (7th Cir. 1987) ("It is the duty of the district court to consider whether an 'equitable exception justifies the ignoring of the [ADEA's filing] precondition.'"); Rogers v. Atwork Corp., 863 F. Supp. 242, 246 (E.D. Pa. 1994) (considering the equities of the case after concluding that failure to file with the PHRC was not automatically fatal to the plaintiff's federal cause of action).

**WHEREFORE**, Plaintiff is hereby **ORDERED** to submit a supplemental brief in accordance with the terms of this Order not later than November 3, 2006. **IT IS FURTHER**

**ORDERED** that Defendant shall be permitted, though not required, to respond by submitting a

reply brief within ten days after Plaintiff's supplemental brief is filed.


s/ Yvette Kane_____
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania


Dated:  October 18, 1006