**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES A. BAKER,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 1:CV-05-2643** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **UNITED DEFENSE INDUSTRIES, INC.** | : | |
| **d/b/a BAE SYSTEMS LAND &** | : | |
| **ARMAMENTS, INC.,** | : | |
| **Defendant.** | : | |
| | : | |

**MEMORANDUM**

Before the Court is Defendant United Defense Industries' ("UDI") Motion to Dismiss or, in the alternative, Motion for Summary Judgment as to the Claims Asserted in Plaintiff's First Amended Complaint. (Doc. No. 24.) The motion has been briefed and is ripe for disposition.

## I. BACKGROUND[1]

Plaintiff James A. Baker initiated this employment discrimination action on December 21, 2005, by filing a complaint with this Court. (Doc. No. 1.) Plaintiff filed an amended complaint on March 2, 2006. (Doc. No. 17.) In his amended complaint, Plaintiff asserts that

---

[1] Unless otherwise noted, the following factual allegations are contained in Plaintiff's amended complaint. (Doc. No. 17.) In presenting the factual background and deciding Defendant's motion to dismiss, the Court has properly considered several EEOC and PHRC documents upon which Plaintiff relies to state his claim that were attached to the motions and briefs of Plaintiff and Defendant. See Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004) ("In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' . . . [C]onsidering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered.") (internal citations omitted). Neither party has contested the authenticity of these EEOC and PHRC documents.

Defendant UDI violated and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 612 et seq., and the Pennsylvania Human Relations Act, 43 P.S. § 954 et. seq., when it discriminated against him because of his age and then retaliated against him after he filed an age discrimination complaint with the Equal Employment Opportunity Commission ("EEOC").

The facts underlying Plaintiff's claims appear to be straightforward. Plaintiff worked for UDI from August 1991 to April 2005. While employed by UDI, Plaintiff routinely received exemplary performance evaluations up through 2003. On October 1, 2004, UDI informed Plaintiff that his employment would be terminated at some point in the future, but did not advise him of a precise termination date. Several months later, on April 8, 2005, Plaintiff's employment with UDI was terminated. Plaintiff alleges that he was replaced with one or more younger employees and that, prior to his termination, he was treated differently because of his age.

On March 8, 2005, one month before his employment with UDI was terminated, Plaintiff filed a written charge of age discrimination with the Philadelphia office of the EEOC, which was assigned an EEOC number of 170-2005-01618. Plaintiff alleges that UDI reacted to his initial EEOC charge by: (1) terminating Plaintiff's employment earlier than it would have had Plaintiff not filed with the EEOC; (2) excluding Plaintiff from meetings and refusing to communicate with him; and (3) failing to share essential employment-related information with him.

Approximately one month after his termination, on May 7, 2005, Plaintiff filed a second charge of discrimination with the EEOC for retaliation. (Doc. No. 24, Attachment B.) This complaint was assigned an EEOC number of 170-2005-02470, (id.), and a PHRC case number of 2005503166 (Doc. No. 31, Exhibit A). In his second EEOC complaint, Plaintiff alleged that

UDI retaliated against him after his initial EEOC complaint and specifically referred to his April 8, 2005, termination as a retaliatory act. (Doc. No. 24, Attachment B.) Plaintiff did not mention, however, in the second charge UDI's alleged efforts to exclude Plaintiff from meetings or general withholding of employment-related information. (Id.)

In the motion to dismiss presently before the Court, UDI argues that Plaintiff's suit should be dismissed in its entirety.[2] First, UDI argues that Plaintiff's PHRA age discrimination claim is barred because he failed to exhaust state administrative remedies. UDI further argues that Plaintiff's failure to commence state proceedings on the initial EEOC charge prevents the Court from entertaining his ADEA claim of age discrimination. Finally, UDI argues that the facts alleged by Plaintiff fail, as a matter of law, to state a retaliation claim under either the PHRA or the ADEA. These arguments are addressed in turn below.

## II. STANDARD OF REVIEW

Defendant UDI moves to dismiss Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[3] A motion to dismiss pursuant to Rule 12(b)(6) tests the legal

---

[2] In addition to the arguments discussed herein, Defendant's motion also sought the dismissal of all claims against BAE Systems, Inc., on the ground that BAE was improperly named as a defendant in the instant matter. (Doc. No. 24.) The parties stipulated that BAE was improperly named as a defendant on June, 2, 2006 (Doc. No. 36), and BAE was dismissed with prejudice on June 7, 2006. (Doc. No. 37.) For that reason, the motion to dismiss, to the extent that it addresses claims against BAE, will be denied as moot.

[3] In his motion, Defendant moves for dismissal under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure. It further proposes that the Court consider its motion as a motion for summary judgement under Rule 56 of the Federal Rules of Civil Procedure. While the Court recognizes that it may convert a Rule 12(b) motion to one for summary judgment, it declines to do so at this time.

There are cases which indicate that failure to exhaust under the PHRA is a jurisdictional requirement and that the proper motion for failure to exhaust is under 12(b)(1). See Smith-cook v. Amtrak, No. 05-00880, 2005 U.S. Dist. LEXIS 27297, at *10 (E.D. Pa. 2005) (citing

sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff. United States Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted). Morever, given the early stage of the proceedings, the Court should not "inquire whether the plaintiffs will ultimately prevail." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Rather, the Court should only inquire as to whether Plaintiff is "entitled to offer evidence to support [his] claims." Id.

## III. DISCUSSION

### A. Plaintiff has exhausted state administrative remedies for his PHRA age discrimination claim

---

Komninos v. Upper Saddle River Bd. of Educ., 13 F.3d 775, 779 (3d Cir. 1994), for the proposition that "a Rule 12(b)(1) motion is the appropriate vehicle for contesting exhaustion of administrative remedies"). But there is also authority suggesting that failure to exhaust is more appropriately resolved under Rule 12(b)(6) for failure to state a claim. See Tlush v. Maufacturers Resource Center, 315 F. Supp. 2d 650, 654 (E.D. Pa. 2002) ("Because failure to exhaust is 'in the nature of statutes limitation,' and 'does not affect the district court's subject matter jurisdiction,' this issue is best resolved under 12(b)(6)") (quoting Anjelino v. New York Times Co., 200 F.3d 73, 87 (3d Cir. 1999). The Court therefore notes that it has considered Defendant's motion under Rule 12(b)(6) for failure to state a claim, relying on the complaint and other appropriate documentation appended to the complaint, motion to dismiss, and briefs. See supra footnote 1. In any event, the Court's analysis of Defendant's motion to dismiss would be the same under either Rule 12(b)(6) or Rule 12(b)(1).

The PHRA provides that it is an unlawful practice for any employer to discharge from employment or otherwise discriminate against an employee on several proscribed bases, including age. 43 P.S. § 955(a). The PHRA also establishes the procedures for enforcing this statutory right to be free from discrimination. 43 P.S. § 959; see Clay v. Advanced Computer Applications, Inc., 559 A.2d 917, 919 (Pa. 1989). Thus, before a plaintiff may initiate a judicial proceeding under the PHRA, he must pursue the administrative process set forth in the statute. Vincent v. Fuller Co., 616 A.2d 969, 974 (Pa. 1992); Clay, 559 A.2d at 918-19, 921; see also 43 P.S. § 962(c)(1) (Only after receiving notice of a PHRC conciliation agreement or the PHRC's dismissal of the complaint, "the complainant shall be able to bring an action in the courts . . . based on the right to freedom from discrimination granted by this act"). These procedures include filing a complaint with the PHRC under 43 P.S. § 959 and cooperating with the agency during the investigative process.

It is undisputed that Plaintiff filed an age discrimination complaint with the EEOC on March 8, 2005 (Doc. No. 17). Defendant, however, has submitted an EEOC form on which Plaintiff signed on the line below the statement, "I do not want my charge dual filed with the PHRC," which tends to support the conclusion that Plaintiff's claim was not dual-filed with the PHRC. (Doc. No. 24, Attachment A). In his brief in opposition to Defendant's motion to dismiss, Plaintiff stated that the PHRC assumed jurisdiction over the claim concurrently with the EEOC and directed the Court's attention to a letter dated February 9, 2006, from the PHRC to support this statement. (Doc. No. 31, at 7 and Exhibit A.) This letter, however, related to Plaintiff's retaliation claim (EEOC No. 170-2005-02470), not his age discrimination claim (EEOC No. 170-2005-01816). (Doc. No. 31, Exhibit A; Doc. No. 24, Attachment B.)

In part because of the discrepancy between Plaintiff's response and the attached letter, the Court requested supplemental briefing. (Doc. No. 46.) In his supplemental brief, Plaintiff provided the Court with a second letter from the EEOC, also dated February 9, 2006, indicating that the PHRC received Plaintiff's age discrimination claim (EEOC No. 170-2005-0618) pursuant to its work-share agreement with the EEOC, opened a file on the charge, assigned a PHRC number to the claim (PHRC case number 200500176), and dismissed the claim.[4] (Doc. No. 48, Exhibit 1.) Accordingly, the Court will not dismiss Plaintiff's age discrimination claim under the PHRA for failure to exhaust state administrative remedies.

**B. Plaintiff has timely filed his age discrimination complaint with the PHRA and the EEOC, thus satisfying the prelitigation requirements of the ADEA**

Congress established clear prelitigation filing requirements in two statutory provisions of the ADEA, 29 U.S.C. § 626(d) and § 633(b).[5] Together these provisions mandate that a

---

[4] Defendant does not question the authenticity of this document, and it is a document properly before the Court on a 12(b)(6) motion as a document upon which Plaintiff relies to state his claim. See supra footnote 1. Specifically, it is a document relied upon by Plaintiff to establish that he has met the PHRA's administrative exhaustion requirements and therefore is able to state a PHRA claim. (See Doc. No. 17, ¶ 16).

[5] Section 626(d) provides as follows:

> No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission. Such a charge shall be filed--
>
> > (1) within 180 days after the alleged unlawful practice occurred; or
> >
> > (2) in a case to which section 633(b) of this title applies, within 300 days after the alleged unlawful practice occurred, or within 30 days after receipt by the individual of notice of termination of proceedings under State law, whichever is earlier.
>
> Upon receiving such a charge, the Commission shall promptly notify all persons named in such charge as prospective defendants in the

complainant pursue his administrative remedies before filing a civil action.

Section 626(d) requires a charge of unlawful discrimination to be filed with the EEOC, which then must be allowed at least sixty days to resolve the dispute by conciliation of the parties before an individual can file suit. 29 U.S.C. § 623(d). Moreover, under § 633(b), in "deferral states" like Pennsylvania, proceedings must be commenced under state law, and the state agency must be given sixty days for mediation and remedy before suit may be brought. 29 U.S.C. § 633(b).

Defendant contends that Plaintiff has failed to commence a proceeding with the PHRC, which therefore warrants dismissal of his ADEA claim with prejudice. However, as discussed above, the PHRC did, in fact, receive Plaintiff's age discrimination complaint, and proceedings were, therefore, commenced under state law. (See Doc. No. 48, Exhibit 1.) Accordingly,

---

> action and shall promptly seek to eliminate any alleged unlawful practice by informal methods of conciliation, conference, and persuasion.

29 U.S.C. § 626(d).

Section 633(b) provides as follows:

> In the case of an alleged unlawful practice occurring in a State which has a law prohibiting discrimination in employment because of age and establishing or authorizing a State authority to grant or seek relief from such discriminatory practice, no suit may be brought under section 626 of this title before the expiration of sixty days after proceedings have been commenced under the State law, unless such proceedings have been earlier terminated: *Provided,* That such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State law. If any requirement for the commencement of such proceedings is imposed by a State authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State authority.

29 U.S.C. § 633(b).

dismissal of Plaintiff's ADEA claim on this ground is inappropriate.

**C. Plaintiff has stated a claim for retaliation under the ADA and PHRA**

The ADEA prohibits retaliation based on an employee's opposition to proscribed discriminatory conduct. 29 U.S.C. § 623(d).[6] The PHRA contains a substantially similar anti-retaliation provision. 43 P.S. § 955(d).[7] For the purposes of this decision, the Court will interpret the anti-retaliation provisions of the ADEA and PHRA as applying identically in the case and as being governed by the same set of precedents. See Fogleman v. Mercy Hosp., 283 F.3d 561, 567 (3d Cir. 2002) ("[T]he PHRA is to be interpreted as identical to federal anti-discrimination laws except where there is something specifically different in its language requiring that it be treated differently").

To establish a prima facie case of retaliation, Plaintiff must show: (1) that he engaged in a protected employee activity; (2) that he was subject to adverse action by Defendant either subsequent to or contemporaneous with the protected activity; and (3) that there is a causal connection between the protected activity and the adverse action. Fogleman, 283 F.3d at 567-68. Defendant contends that Plaintiff will be unable to establish the second and third elements of his

---

[6] Section 236(d) of the ADEA prohibits discrimination because an individual "has opposed any practice made unlawful by this section, or because such individual . . . has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter." 29 U.S.C. § 623(d).

[7] The PHRA provides that it shall be an unlawful discriminatory practice:

> [f]or any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

43 P.S. § 955(d).

prima facie case because the decision to terminate Plaintiff's employment was communicated to him on October 1, 2004 (Doc. No. 17, ¶ 22), several months before Plaintiff filed his age discrimination claim with the EEOC, (id. ¶ 16(a)). Defendant argues that the adverse employment action – the decision to terminate Plaintiff – occurred as a matter of law in October, 2004, and that, as a matter of law, the decision can neither be in retaliation for nor causally connected to Plaintiff's protected activity, which occurred in March of the following year.

While Defendant is correct that an employee is considered to have suffered an adverse employment action on the date he receives definite notice of the termination, not upon the effective date of the action itself, Delaware State Coll. v. Ricks, 449 U.S. 250 (1980); Watson v. Eastman Kodak Co., 235 F.3d 851, 852 (3d Cir. 2000), Defendant mischaracterizes Plaintiff's claim. Plaintiff does not allege that the October 2004 decision to terminate him is the basis of his retaliation claim; rather, Plaintiff asserts that Defendant deliberately advanced the date of his termination in retaliation for his March 8, 2005, filing with the EEOC for age discrimination. (Doc. No. 17, ¶ 32) (Defendant's retaliation included "terminating Plaintiff's employment earlier than it would have been terminated had he not engaged in protected activity") (emphasis added).

The Court of Appeals for the Third Circuit has defined an "adverse employment action" as "an action by an employer that is 'serious and tangible enough to alter an employee's compensation, terms, conditions, or privileges of employment.'" Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 764 (3d Cir. 2004) (quoting Cardenas v. Massey, 269 F.3d 251, 263 (3d Cir. 2001)). The Supreme Court has noted that a "tangible employment action in most cases inflicts direct economic harm." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 762. In light of Defendant's October 2004 decision to terminate him, Plaintiff's time as an employee of

Defendant was limited. Nevertheless, if Defendant terminated Plaintiff sooner because of his EEOC complaint, Plaintiff would have suffered direct economic harm for those days he would have been employed but for Defendant's retaliation. The Court is therefore satisfied that Plaintiff has alleged an adverse employment action.

Before continuing its analysis, the Court notes that employers "are not obliged to suspend all previously planned or contemplated actions upon receiving a [discrimination complaint] or learning that a suit has been filed." Windfelder v. The May Dep't Stores Co., 93 Fed. Appx. 351, 354 (3d Cir. 2004) (upholding summary judgment where there was no indication that the plaintiff's letter alleging discrimination, as opposed to poor job performance and failure to meet stated performance benchmarks, caused his termination and where termination proceedings were ongoing). Indeed, a contrary rule "might impede employers from permissible terminations and encourage employees aware of an impending termination to create their own 'severance package.'" Id. at 354. Thus, in order to survive summary judgment, Plaintiff certainly will need evidence supporting his allegation that his employment was terminated sooner than Defendant had initially contemplated when it made its October 2004 decision and that this change in timing was an impermissible reaction to Plaintiff's filing with the EEOC.

However, at this stage of the pleadings, the Court's inquiry is not whether Plaintiff will be able to prevail on the merits of his claim, but rather whether Plaintiff is "entitled to offer evidence to support [his] claims." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Viewing the complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has sufficiently stated a claim of retaliation – he has alleged an adverse employment action (the earlier termination) and has asserted that it was causally linked to his EEOC complaint. (Doc. No. 17,

¶¶ 16(a), 31-32.) Accordingly, the Court is satisfied that Plaintiff has stated a retaliation claim and should be entitled to offer evidence of the same.[8]

## IV. CONCLUSION

Defendant has urged that Plaintiff's civil action be dismissed in its entirety. The Court has reviewed Defendant's motion to dismiss under Rule 12(b)(6) and holds that dismissal is inappropriate. Plaintiff filed his age discrimination complaint with the PHRC, satisfying the ADEA's prelitigation filing requirement, and he exhausted his state administrative remedies with respect to the claim, satisfying the PHRA's exhaustion requirement. Additionally, the Court finds that Plaintiff has stated a claim for retaliation under both the PHRA and the ADEA.

An appropriate order follows.

---

[8] Because the Court has concluded that a retaliation claim is sufficiently alleged when an employer, in response to protected activity, chooses to terminate an employee sooner than it otherwise would have, the Court need not reach Defendant's argument that the other actions alleged in the complaint were neither reasonably encompassed in the EEOC retaliation charge nor explored during the EEOC's actual investigation of the charge. (Doc. No. 24, ¶ 22) (arguing that Plaintiff did not exhaust administrative remedies with respect to Defendant's alleged exclusion of Plaintiff from meetings, failure to communicate with Plaintiff; failure to share essential employment-related information, and failure to offer severance terms comparable to those who had not engaged in protected activity); see Waiters v. Parsons, 729 F.2d 233, 235 (3d Cir. 1984) (holding that a "victim of discrimination is not required to exhaust administrated remedies with respect to claim concerning an incident which falls within the scope of a prior EEOC complaint or the investigation which arose out of it, provided that the victim can still bring suit on the original complaint); see also Robinson v. Dalton, 107 F.3d 1018, 1024-26 (3d Cir. 1997) (discussing Waiters and the evaluation of the scope of a prior EEOC complaint). The Court invites Defendant to raise this argument, if appropriate, in a summary judgment motion that conforms with Local Rule 56.1.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES A. BAKER,** | : | |
| **Plaintiff** | : | |
| | : | **CIVIL ACTION NO. 1:CV-05-2643** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **UNITED DEFENSE INDUSTRIES, INC.** | : | |
| **d/b/a BAE SYSTEMS LAND &** | : | |
| **ARMAMENTS, INC.** | : | |
| **Defendant.** | : | |
| | : | |

**ORDER**

**AND NOW**, this 1st day of December 2006, upon consideration of Defendant's Motion to Dismiss or, in the alternative, Motion for Summary Judgment as to the Claims Asserted in Plaintiff's First Amended Complaint (Doc. No. 24), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that Defendant's motion is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania